IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| TYRONE D. BEST,<br><br>    Plaintiff,<br><br>v.<br><br>PARAGON SYSTEMS INC.,<br><br>    Defendant. | Civil Action No.<br><br><br><br>**JURY TRIAL REQUESTED** |

# COMPLAINT

COMES NOW the Plaintiff, TYRONE D. BEST, by and through undersigned counsel, and for his complaint against the Defendant, PARAGON SYSTEMS, INC., states as follows:

### NATURE OF ACTION AND ADMINISTRATIVE HISTORY

1. Plaintiff, TYRONE D. BEST, is a hardworking African-American male, and he is a former Court Security Officer at defendant company, Paragon Systems, Inc. ("Paragon").

2. In October 2018, Plaintiff filed a timely complaint for race discrimination against Defendant to the U.S. Equal Employment Opportunity Commission ("EEOC").

3. The EEOC charge followed Plaintiff's internal employee complaint he had lodged against his supervisor, Cathy Bell, in October of 2017 for using racially charged and racially discriminatory language in the workplace; having made that internal complaint that was never resolved by Defendant, Plaintiff in May 2018 was placed under investigation by Cathy Bell, Defendant's Site Supervisor, who recommended termination, which immediately followed in June 2018.

4. On October 12, 2018, Plaintiff attended an in-person intake interview with the EEOC regarding this complaint accompanied by counsel.

5. Plaintiff received his right-to-sue notice from the U.S. Equal Employment Opportunity Commission on February 15, 2019.

6. Plaintiff now brings this cause of action under 42 U.S.C. §2000(e) alleging violations of rights guaranteed under Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. Section 1981 of the Civil Rights Act of 1866, based upon discrimination and retaliation.

7. Plaintiff also brings a cause of action against Defendant for breach of its contract with Plaintiff.

8. Plaintiff brings a cause of action against Defendant for abuse of process.

9. Plaintiff brings a cause of action against Defendant for intentional infliction of emotional distress.

10. Plaintiff alleges that the Defendant company, through and by its agents, treated him differently from the employees in the non-protected classes of race groups, thereby committing race discrimination in violation of Title VII of the Civil Rights Act of 1964.

11. To the extent that the company charged him with sham allegations of storing a firearm improperly and eventually terminated his employment citing that one alleged infraction in an otherwise spotless tenure (simply because he had engaged in EEO

activity previously – by having initiated a formal internal complaint against Bell for, among other things, referring to a site leader of as an "overseer"), he alleges that the Defendant violated the anti-retaliation provisions of Title VII.

12. Plaintiff alleges that Defendant violated its contractual duties to Plaintiff by its failure to follow its own employee handbook's provisions covering the processing of employees' civil rights/harassment complaints.

13. Plaintiff had an almost perfect employment record, as recorded by the defendant company, until he officially complained of the racially insensitive language being used in the workplace by his supervisor, Cathy Bell.

14. To this day, the complaint made by Plaintiff against supervisor Bell for her racially charged language remains unprocessed and uninvestigated.

15. In June 2018, Ms. Bell – who was supposed to have been under investigation amid Plaintiff's October 2017 complaint according to governing policy – took upon herself to initiate an investigation against the plaintiff for a fabricated and highly-exaggerated charge of failing to "properly secure" his service revolver. Although the plaintiff strenuously objected to management as to both this charge and to the conflict of interest involved in the investigation into this matter, no company manager or other official acknowledged these irregularities.

16. On June 28, 2018, the plaintiff was terminated by the defendant company, under the pretext of the aforementioned firearm practice.

17. Many other non-minority employees and non-complaining employees engaged in similar practices as Plaintiff's regarding the service firearm, but *none* of them, to the knowledge of Plaintiff, were ever sanctioned or even investigated for the standard and accepted practice among Defendant personnel. It is a widely-practiced firearm procedure within the company, but only Plaintiff was singled out and sought out by the company and eventually fired for it, which can only be seen as retaliation against

him for his EEO complaint against his supervisor-turned-inquisitor, Bell.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 based on federal question jurisdiction, as this case alleges violations of federal civil rights statutes.

19. Venue is proper within this District pursuant to 28 U.S.C. §1391(b)(1) as the defendant company is headquartered in the Eastern District of Virginia.

20. This Court has personal jurisdiction over Defendant because the company is headquartered in Herndon, Virginia, and also conducts its regular business in Virginia. Defendant also conducted the alleged illegal acts against Plaintiff in the Commonwealth of Virginia.

## PARTIES

21. The Plaintiff, TYRONE D. BEST, lives in Maryland, and has worked in the state of Virginia at the defendant's company for many years.

22. The Defendant, Paragon Systems Inc., is a private security corporation located at 401 Courthouse Square, Alexandria, Virginia. Its corporate headquarters are located in Herndon, Virginia.

## ALLEGATIONS

23. On October 29, 2017, Walden Security (which is the predecessor corporate owner of Plaintiff's employer Paragon that assumed Walden's government contract for the security detail) was notified by Plaintiff that he had just filed an internal race-discrimination/hostile work environment complaint against his supervisor, Cathy Bell.

24. Ms. Bell was a site supervisor, and she had made racially insensitive and discriminatory remarks and comments in front of Plaintiff on prior occasions.

25. Ms. Bell has at one time accused Plaintiff of being "hostile," simply because he formally objected to racially discriminatory language used by her in the workplace.

26. On November 1, 2017, Mike Hughes, the project manager of Walden Security, contacted Plaintiff regarding his complaint, in order to undertake an intake process of investigation.

27. On December 1, 2017, Paragon Systems Inc., formally took over a contract from Walden Security, thereby becoming Plaintiff's employer.

28. In June 2018, while Ms. Bell was still apparently under investigation for the race discrimination charges, she placed Plaintiff under investigation for allegedly failing to properly handle his service revolver.

29. On July 21, 2018, Paintiff was fired under the pretext that there were issues with the way he handled his service revolver.

**ALLEGATIONS OF LAW: CIVIL RIGHTS, BREACH OF CONTRACT, FRAUD, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

35. Defendant violated the Civil Rights Act of 1866 by discriminatorily terminating Plaintiff, and Defendant also violated 42 U.S.C. §2000(e) by retaliating against him for his engaging in constitutionally protected activities- namely, filing a complaint for race-discrimination.

36. Defendant breached its contractual duty to Plaintiff by failing to follow its own employee handbook with regard to its guidelines for handling civil rights complaints against the company. Implied in every contract for employment is the duty of the company to follow its own guidelines for properly handling civil rights/discrimination complaints that occur on its company premises. The defendant clearly violated its own guidelines by not properly investigating and prosecuting Cathy Bell even after the numerous objections and complaints made by the plaintiff.

37. Defendant engaged in an abuse of process, by initiating and engaging in a fraudulent investigation and termination "process" against the plaintiff in order to get rid of him after he filed

a discrimination charge against his company supervisor.

38. Defendant intentionally inflicted emotional distress on Plaintiff because the whole process of the sham-investigation and blatant disregard for Plaintiff's discrimination claims are outrageous, and were intended to cause Plaintiff harm. Plaintiff suffered severe emotional and mental distress as a result of such actions.

## DAMAGES

Plaintiff has suffered damages at the hands of Defendant to include, but not to be limited to, lost wages, lost benefits, compensatory damages, and attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TYRONE D. BEST prays for the following relief:

A. That Plaintiff recover his compensatory damages;

B. That Plaintiff recover front pay and back pay;

C. That Plaintiff recover for pain and suffering;

D. That Plaintiff be awarded his attorney fees and costs incurred in prosecuting this action and otherwise challenging Defendant's unlawful activities;

E. That Plaintiff be awarded any and all damages to which he is entitled under 42 U.S.C. §2000(e) as amended, 42 U.S.C. 1981 of the Civil Rights Act of 1866, and all other applicable laws;

F. That Plaintiff recover pre-judgment and post-judgment interest;

G. That the Court award Plaintiff such other, further, general and different

      relief to which he may show himself entitled;

H.      That a jury be impaneled to try this case.

Dated: August 14, 2020            Respectfully submitted,

/s/ Stephen Teague_____
Stephen Teague, VSB # 81006
LAW OFFICE OF STEPHEN C. TEAGUE
P.O. Box 706
Newport News, VA 23607
Telephone: (757) 317-0716
Facsimile: (757) 215-2974
E-mail: stephen@teaguelawoffice.com
*Counsel for Plaintiff*

/s/ Amos N. Jones_____

Amos N. Jones
AMOS JONES LAW FIRM
1150 K ST NW, Suite 902
Washington, D.C. 20005
Telephone: (202) 351-6187
Facsimile: (202) 478-1654
E-mail: jones@amosjoneslawfirm.com
***Application for* pro hac vice *admission to E.D.Va. forthcoming***

*Attorneys for Tyrone D. Best*